UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH W. HATLEN,<br><br>                          Plaintiff,<br><br>    v.<br><br>GREG COX et al.,<br><br>                          Defendants. | Case No. 3:14-cv-318-RCJ-WGC<br><br>ORDER |

**I.   DISCUSSION**

On August 14, 2014, this Court entered a screening order dismissing the complaint in its entirety, without prejudice, with leave to amend. (ECF No. 5 at 6). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint. (*Id.*). The Court stated that, if Plaintiff chose not to file an amended complaint, the Court would dismiss the action with prejudice. (*Id.*). On September 3, 2014, this Court granted Plaintiff until December 1, 2014, to file his amended complaint because Plaintiff alleged that he was going to be at High Desert State Prison for 60 days but his legal documents were being stored at Ely State Prison. (ECF No. 8 at 1).

On October 14, 2014, Plaintiff filed a motion for extension of time and sought either a stay of his case or another 90-day extension to file his amended complaint. (ECF No. 14 at 1). This Court denied the motion for an extension of time or stay to file his amended complaint. (ECF No. 16 at 2). This Court stated that if Plaintiff did not submit an amended complaint by December 1, 2014, the Court would dismiss the case

without prejudice. (*Id.* at 1). The Court stated that, alternatively, Plaintiff could voluntarily dismiss the case and initiate a new action when he returned to Ely State Prison. (*Id.*).

On November 14, 2014, Plaintiff filed an objection and a motion for reconsideration. (ECF No. 17 at 1). Plaintiff argues that he should not have to be hindered with unnecessary re-filing costs, fees, and labor because Defendants have inhibited his ability to access his legal documents. (*Id.*) Plaintiff seeks another 90 days to amend his complaint. (*Id.* at 2).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion for reconsideration because the Court does not find that it committed clear error or that its initial decision was manifestly unjust. The Court found that Plaintiff failed to state a claim for deliberate indifference to serious medical needs for the events that took place in January 2014 because Plaintiff concluded that he suffered "pain" but did not describe what the pain was and appeared to disagree with his prison doctor on what his treatment should be. (*See* ECF No. 5 at 3, 5). The Court finds that if Plaintiff is unable to explain in more detail what happened in January on or before December 1, 2014, Plaintiff will not be prejudiced by a dismissal without prejudice as to his claims because the statute of limitations in Nevada is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat.

§ 11.190(4)(c), (e)); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits because § 1983 contains no specific statute of limitations).  As such, on or before December 1, 2014, Plaintiff shall:  (1) submit an amended complaint; (2) file a notice of voluntary dismissal; or (3) do nothing and the Court will dismiss the entire case without prejudice.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 17) is denied.

It is further ordered that, on or before December 1, 2014, Plaintiff shall:  (1) submit an amended complaint; (2) file a notice of voluntary dismissal; or (3) do nothing and the Court will dismiss the entire case without prejudice.

Dated this 16th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE