**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KENNETH W. HATLEN,

    Plaintiff,

v.

GREG COX et al.,

    Defendants.

3:14-cv-318-RCJ-WGC

**ORDER**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On August 14, 2014, this Court issued a screening order dismissing the complaint in its entirety with leave to amend. (ECF No. 5 at 6). The Court granted Plaintiff 30 days to file an amended complaint. (*Id.*). On September 3, 2014, the Court granted Plaintiff an extension until December 1, 2014, to file his amended complaint. (ECF No. 8 at 1). On November 5, 2014, this Court denied Plaintiff's motion to extend his deadline to file his amended complaint for another 90 days. (ECF No. 16 at 1). The Court stated that if Plaintiff did not submit a complaint by December 1, 2014, the Court would dismiss the case without prejudice. (*Id.*). On December 16, 2014, this Court denied Plaintiff's motion for reconsideration on the Court's order denying his request for another 90-day extension. (ECF No. 22 at 2-3). The Court directed Plaintiff to file an amended complaint on or before December 1, 2014, or the Court would dismiss the case without prejudice.[1]  (*Id.* at 3).

On December 29, 2014, Plaintiff filed a motion for a hearing. (ECF No. 23). On

---

[1] In that order, the Court discussed why Plaintiff would not be prejudiced by a dismissal without prejudice. (*See* ECF No. 22 at 2-3).
    The Court also acknowledges that it entered its order denying the motion for reconsideration after the stated deadline for filing an amended complaint. The Court has waited an additional 30 days to provide Plaintiff an opportunity to file his amended complaint. However, Plaintiff has not filed an amended complaint.

December 31, 2014, Plaintiff filed a motion for a hearing and alleged that Defendants were taking his legal documents away in order to obstruct Plaintiff's ability to comply with the Court's deadlines. (ECF No. 24 at 1). Plaintiff alleges that this is a valid reason to have his deadline extended. (*Id.* at 2). The Court denies Plaintiff's motions for a hearing. There is nothing in Plaintiff's motions indicating that he is planning on filing an amended complaint in the near future and instead only seeks to keep extending the deadline to file an amended complaint indefinitely. Moreover, as stated in the screening order, Plaintiff's complaint concluded that Plaintiff had suffered "pain" and the Court asked Plaintiff to describe what that pain was. (ECF No. 5 at 5). The Court finds that Plaintiff could have corrected this deficiency without the necessity of legal documents given that the pain allegedly occurred a few months earlier.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint by December 1, 2014, expressly stated: "If Plaintiff does not submit an amended complaint by December 1, 2014, the Court will dismiss the case without prejudice." (ECF No. 16 at 1).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint by December 1, 2014.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's November 5, 2014 and December 16, 2014 orders (ECF No. 16, 22).

It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

It is further ordered that the motions for hearing (ECF No. 23, 24) are denied.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated:  this 20th day of January, 2015.

_____
United States District Judge